UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDUL KARIM,<br><br>  Plaintiff,<br><br>  v.<br><br>RENTON COLLECTIONS, INC., RETACCO LAW OFFICES, INC., P.S, VINCENT A. RETACCO, and WENDY E. RETACCO,<br><br>  Defendants. | CASE NO.:  2:12-cv-00972<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I.  INTRODUCTION

1.  This is an action for injunctive relief and compensatory and statutory damages brought by plaintiff Abdul Karim ("Mr. Karim"), an individual consumer, against defendants Renton Collections, Inc. ("Renton Collections"), Retacco Law Offices, Inc., P.S. ("Retacco Law"), and Retacco Law attorneys Wendy E. Retacco and Vincent A. Retacco for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"); the Washington Collection Agency Act, RCW Chapter 19.16 ("WCAA"); and the Washington Consumer Protection Act, RCW Chapter 19.86 ("WCPA," or collectively with the WCAA, "the Washington Acts").

## II.  JURISDICTION AND VENUE

2.  Jurisdiction arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

**COMPLAINT**
**CASE NO.: 2:12-CV-00972**

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

3. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

4. Venue in this District is proper because Renton Collections and Retacco Law transact business here and the conduct complained of occurred here.

### III. PARTIES

5. Plaintiff Abdul Karim is a natural person residing in Burien, Washington.

6. Defendant Renton Collections, Inc. is a Washington corporation engaged in the business of collecting debts in this state with its principal place of business located at 211 Morris Avenue South, Renton, Washington 98055.

7. Renton Collections is licensed to engage in the collection of debts in this state.

8. The principal purpose of Renton Collections is the collection of debts using the mails and telephone. Renton Collections regularly attempts to collect debts allegedly owed to another.

9. Renton Collections is thus a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10. Moreover, Renton Collections is a "collection agency" as defined by the WCAA, RCW 19.16.100.

11. Defendant Retacco Law Offices, Inc., P.S. is a Washington corporation engaged in the business of collecting debts and the practice of law in this state with its principal place of business located at 30640 Pacific Highway South, Suite C-1, Federal Way, Washington 98003.

12. Retacco Law is operated by attorneys Vincent A. Retacco and Wendy E. Retacco ("the Retaccos").

13. Retacco Law, through the Retaccos, regularly attempts to collect debts allegedly owed to another. As stated on Renton Collections' website, Vincent Retacco has been Renton Collections' attorney for at least 20 years. He reviews all legal paperwork for Renton Collections and represents the interests of Renton Collections in court and at trials. Renton Collections

COMPLAINT
CASE NO.: 2:12-CV-00972

-2-

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

employs three full-time attorneys, Vincent Retacco being one and Wendy Retacco being another. See Exhibit A.

14. Wendy Retacco has two areas of practice, one being collections. See information made public by the Washington State Bar Association concerning Ms. Retacco, attached as Exhibit B.

15. The underlying collections suit in this case, King County District Court Case No. 114-10920 discussed *infra*, was filed by Retacco Law. Wendy Retacco signed the relevant documents in that case, and both Vincent Retacco and Wendy Retacco are listed in the signature blocks. See Exhibit C.

16. The Retaccos regularly attempt to collect debts allegedly owed to another.

17. The Retaccos regularly appear in the courts of Washington as counsel for various creditor clients, including Renton Collections.

18. Retacco Law and the Retaccos are thus "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

19. Moreover, Retacco Law is a "collection agency" as defined by the WCAA, RCW 19.16.100.

20. An April 18, 2012 search of the online records of the Washington state department responsible for licensing collection agencies under state law established that neither Retacco Law nor the Retaccos are licensed by the State of Washington to engage in collection activities within this state under the WCAA.

21. At all relevant times, Renton Collections alleged that Mr. Karim was obligated to pay a debt arising from an agreement entered into for personal, family, and household purposes with the Boeing Employees' Credit Union ("the BECU debt"), as purchased by Renton Collections from BECU after default.

22. Mr. Karim is thus a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

23. Further, Mr. Karim is a "debtor" as defined by the WCAA, RCW 19.16.100.

COMPLAINT
CASE NO.: 2:12-CV-00972
-3-
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

## IV. FACTS

24. On or about December 27, 2003, a person named Abdul H. Karim completed a BECU Membership and Credit Application for a Personal Account.

25. Abdul H. Karim is not the plaintiff in this suit. Plaintiff Mr. Karim has no middle name or middle initial and did not apply for any membership or credit account with BECU. Abdul H. Karim is not related to plaintiff Mr. Karim.

26. On information and belief, BECU extended credit to Abdul H. Karim on the basis of the application.

27. By January 26, 2010, Abdul H. Karim had defaulted on his account at BECU.

28. On April 23, 2010, BECU assigned Abdul H. Karim's debt to Renton Collections.

29. On April 13, 2011, Renton Collections, through its counsel Retacco Law, filed suit in the District Court of Washington for King County alleging that "Abdul Karim" was indebted to it under a defaulted debt it had purchased from BECU. That action was assigned Case No. 114-10920. The alleged debt had a principal balance of $1838.24 and, with interest to date, fees and costs, totaled $2339.03 plus interest until paid.

30. On June 17, 2011, Abdul H. Karim was served in the suit at his residence in Kent, Washington.

31. On August 19, 2011, King County District Court entered a default judgment against "Abdul Karim" awarding Renton Collections the principal balance of the debt plus interest, fees, and costs, for a total judgment of $2346.53, with post-judgment interest to accrue at 12% per year.

32. The address defendants listed for "Abdul Karim" in the default judgment, however, was not Abdul H. Karim's Kent, Washington address. Instead, defendants falsely listed plaintiff Mr. Karim's *Burien*, Washington residence as the debtor's location. See Motion & Declaration for; Order of Default and Default Judgment, attached as Exhibit D.

COMPLAINT
CASE NO.: 2:12-CV-00972

-4-

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

33. On August 25, 2011, Renton Collections filed in King County District Court a Declaration of Mailing Default Judgment to Debtor, attached as Exhibit E, which also falsely listed plaintiff Mr. Karim's Burien address as that of the judgment debtor.

34. On August 29, 2011, Mr. Karim received a copy of the default judgment in the mail at his Burien residence.

35. Alarmed, on September 3, 2011, Mr. Karim sent via certified mail a letter to Renton Collections and Retacco Law stating that he had never been served in such a suit and that the default judgment was invalid. Mr. Karim further asked for "the full details as to the actual creditor for the amount mentioned and what it pertains to in order for me to look into the matter and respond accordingly." See September 1, 2011 correspondence from Mr. Karim, attached as Exhibit F.

36. Mr. Karim's letter was delivered to Renton Collections and Retacco Law on September 6, 2011. See Exhibit G.

37. Renton Collections and Retacco Law failed to respond in any way to Mr. Karim's letter, including his request for information about the debt claimed in the communication sent him.

38. Nonetheless, on November 12, 2011, Mr. Karim received via certified mail to his Burien address a Writ of Garnishment Continuing Lien on Earnings (60 days) and Affidavit for Garnishment, and an Exemption Claim Form, attached as Exhibits H-I. Both Wendy and Vincent Retacco are listed in the signature block of the Writ of Garnishment. The Garnishee was listed as Valley Medical Center. The "Statement to Garnishee" listed the "Employee name" as "Abdul Karim" and "Residence Address" as Mr. Karim's Burien residence.

39. On November 25, 2011, Mr. Karim received via first-class mail the First Answer to Writ of Garnishment for Continuing Lien on Earnings (60 days), attached as Exhibit J. It had been completed by garnishee Valley Medical Center.

COMPLAINT
CASE NO.: 2:12-CV-00972

-5-

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

40. Having received no response to his validation request, and with Renton Collections now attempting to garnish wages for a debt he knew nothing about, Mr. Karim sought help at the Northwest Justice Project.

41. An attorney at the Northwest Justice Project urged Mr. Karim to examine the file for Case No. 114-10920. Mr. Karim physically went to King County District Court and, upon doing so, learned of the existence of Abdul H. Karim. Northwest Justice Project subsequently referred this case.

42. Counsel for Mr. Karim contacted Retacco Law and demanded that Renton Collections cease its collection and garnishment efforts of a debt that Mr. Karim did not owe.

43. Retacco Law conceded that Mr. Karim was not the true debtor in both its correspondence to counsel for Mr. Karim dated December 19, 2011, attached as Exhibit K, and its correspondence of February 17, 2012, attached as Exhibit L.

44. Thus defendants falsely represented under penalty of perjury that Mr. Karim owed the BECU debt in its motion and declaration for default judgment; declaration of mailing default judgment; writ of garnishment; and affidavit for garnishment.

45. But for defendants' false and fraudulent representations to the King County District Court, that Court could not have, and would not have, issued an order of default and default judgment against "Abdul Karim" at Mr. Karim's address.

46. Consequently, defendants are liable under the strict liability standard of the FDCPA. Dunning the wrong person is one of the recurring problems that persuaded Congress to pass the FDCPA.

47. A reasonable procedure for avoiding dunning the wrong person is to fully name parties when the information is available.

48. But in Case No. 114-10920, Renton Collections and Retacco Law did not sue the true debtor by his full name: they did not include his middle initial, "H." Therefore, their internal procedures were not reasonably calculated to prevent identifying the wrong person as the debtor.

COMPLAINT
CASE NO.: 2:12-CV-00972
-6-
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

49. As Retacco Law itself pointed out in its correspondence of December 19, 2011, the garnishment documents included the true debtor's date of birth and social security number, so that an employer could properly identify the correct employee. Thus Retacco Law itself concedes that proper identification requires more than the same name, even assuming the name is complete and correct.

50. In its December 19, 2011 correspondence, Retacco Law also admitted Mr. Karim was sent the false communications because staff believed the true debtor may have moved, and in looking for the true debtor's new address, staff located Mr. Karim's name.

51. This concedes defendants' staff did not verify the date of birth or social security number of the person at this new address before dunning him; had they done so, as reasonable procedures would have required, these violations would not have occurred.

52. Defendants also ignored the validation request that followed the default judgment notice. Had they validated the debt as required, neither set of garnishment documents would have been sent, and two additional violations would have been prevented.

53. Retacco Law's correspondence concedes by necessity that the default judgment notice was defendants' first communication with Mr. Karim. Consequently, his validation request was timely and proper. Had defendants responded, Mr. Karim could have been reassured the debt was not his. In *Dunham v. Portfolio Recovery Associates*, 663 F.3d 997 (8th Cir. 2011), a collection agency mistakenly dunned the plaintiff, who had the same name as the true debtor. *Id.* at 1000. The plaintiff disputed the debt, and the collection agency sent a letter to the plaintiff communicating the last four digits of the debtor's social security number, in addition to other information about the debt. *Id.* at 1003. The Eighth Circuit held that verification was proper because by looking at the letter, the plaintiff identified the social security number as someone else's, and thus "did not fear that he owed any debt" to the collection agency. *Id.*

54. Defendants ignored Mr. Karim's dispute and verification request. They had no lawful excuse for doing so. As a result, Mr. Karim was misled for a longer period of time and

COMPLAINT
CASE NO.: 2:12-CV-00972
-7-
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699


suffered a second, initially frightening garnishment action. These additional violations and Mr. Karim's injuries would have been avoided had defendants acted as the law requires.

55. Renton Collections knew or should have known after receiving Mr. Karim's request for validation that Mr. Karim disputed that he owed the debt. And despite the fact that Mr. Karim is not the true debtor, Renton Collections twice more sent him correspondence falsely representing that it was attempting to garnish his wages.

56. Consequently, under the least sophisticated debtor standard, it was reasonable for Mr. Karim to assume that court documents from an attorney listing him as a judgment debtor constituted a claim that he owed the plaintiff a debt and that his wages might be pursued.

57. Upon receiving Mr. Karim's timely verification request, Retacco Law should have sent Mr. Karim a letter with information about the debt. Even minimal information would have allowed Mr. Karim to identify the debt as belonging to someone else.

58. Additionally, defendant Retacco Law regularly conducts collection activities in this state against residents of this state that are subject to the licensing requirements of the WCAA, including the judicial collection activities at issue herein.

59. Nonetheless, Retacco Law has failed or refused to register for and obtain such licensure, in violation of RCW 19.16.100 and RCW 19.16.260.

60. To date, Renton Collections has not amended, vacated, withdrawn, or otherwise judicially remedied its illegal, wrongful, unfair and unconscionable actions in connection with obtaining the default judgment or writ of garnishment. Nor has Renton Collections provided Mr. Karim with any assurance that his credit reports, which reflect his superlative credit scores, will not be affected in the future as a result. To date, the King County District Court file for Case No. 114-10920 reflects Mr. Karim's name and address.

61. Due to the acts alleged above, Mr. Karim suffered distress, anxiety and embarrassment, and incurred unnecessary expenses including costs for transportation, credit reports, cell phone usage, printing, postage, and photocopies.

COMPLAINT
CASE NO.: 2:12-CV-00972
-8-
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

# FIRST CLAIM FOR RELIEF
(Fair Debt Collection Practices Act)

62. Plaintiff repeats and realleges and incorporates by reference paragraphs one through 61 above.

63. Defendants Renton Collections, Retacco Law, and the Retaccos violated the Fair Debt Collection Practices Act. Defendants' violations include, but are not limited to, the following.

    a. Defendants violated 15 U.S.C. § 1692e(2)(A), which prohibits the false representation of the character or status of a debt, by attempting to collect a debt from a person who does not owe the debt.

    b. By dunning the wrong person, defendants violated both 15 U.S.C. § 1692e(5), which prohibits threats to take actions that cannot legally be taken, and 15 U.S.C. § 1692e(10), which prohibits the use of false representation to attempt to collect a debt.

    c. Defendants violated 15 U.S.C. § 1692g(b) by failing to provide verification of the debt and continuing their debt collection efforts after Mr. Karim had disputed the debt in writing within 30 days of receiving notice of his debt validation rights.

64. These violations caused Mr. Karim to suffer distress, anxiety and embarrassment, and incur unnecessary expenses including costs for transportation, credit reports, cell phone usage, printing, postage, and photocopies, and counsel fees that would not have been required had defendants validated the debt as required by law.

65. As a result of the above violations of the FDCPA, defendants Renton Collections, Retacco Law, and the Retaccos are liable to Mr. Karim for declaratory judgment that defendants' conduct violated the FDCPA, as well as compensatory damages, statutory damages, costs and attorney's fees.

COMPLAINT
CASE NO.: 2:12-CV-00972

-9-

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

**SECOND CLAIM FOR RELIEF**
(Washington Collection Agency Act)

66. Plaintiff repeats and realleges and incorporates by reference paragraphs one through 65 above.

67. Renton Collections is licensed as a collection agency in Washington State pursuant to the Washington Collection Agency Act, and is therefore subject to and governed by the requirements and prohibitions of that Act.

68. Defendants Renton Collections, Retacco Law, and the Retaccos violated the WCAA. Defendants' violations include, but are not limited to, the following.

    a. Defendants violated RCW 19.16.250(8)(b) by failing to respond in any way to Mr. Karim's written request for information concerning the BECU debt.

    b. Defendants violated RCW 19.16.250(16) by attempting to collect a debt from a person who does not owe the debt.

69. Pursuant to RCW 19.16.900, plaintiff's remedies against defendants for these violations are not penal, but cumulative and nonexclusive so that they may not be applied to reduce or prevent any recoveries that may be available to plaintiff under other laws.

70. Defendants violated the WCAA while engaged in the trade and commerce of debt collection, causing injury to Mr. Karim's property interests including avoidable expenses for transportation, credit reports, cell phone usage, printing, postage, and photocopies; as well as distress, anxiety, and embarrassment from the unlawful, rejected, and unexpected collection efforts.

71. As a result of the above WCAA violations, defendants are liable to Mr. Karim for declaratory relief, compensatory damages, costs and attorney's fees.

72. Additionally, defendant Retacco Law regularly conducts collection activities in this state against residents of this state that are subject to the licensing requirements of the WCAA, including the judicial collection activities at issue herein.

COMPLAINT
CASE NO.: 2:12-CV-00972
-10-
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

73. Nonetheless, Retacco Law has failed or refused to register for and obtain such licensure, in violation of RCW 19.16.100 and RCW 19.16.260.

74. Injunctive relief is thus proper to prohibit Retacco Law from conducting any debt collection activities within the State of Washington save it first obtains licensure under the WCAA and thereafter complies with the WCAA's substantive requirements and prohibitions.

**THIRD CLAIM FOR RELIEF**
(Washington Consumer Protection Act)

75. Plaintiff repeats and realleges and incorporates by reference paragraphs one through 74 above.

76. A violation of the Washington Collection Agency Act by law constitutes an unfair and deceptive act in trade or business entitling a consumer to recovery under the Washington Consumer Protection Act. *See* RCW 19.16.440.

77. The federal Fair Debt Collection Practices Act prohibits debt collectors from using false, unfair, or abusive acts or practices in the trade or commerce of collecting consumer debts.

78. Congress noted in 15 U.S.C. § 1692 that such acts and practices have an injurious impact on the public in that they contribute to the number of personal bankruptcies, and to marital instability, loss of employment, and invasions of privacy. The overriding purpose of the FDCPA as stated by Congress is to eliminate such practices, prevent disadvantaging debt collectors who use lawful means, and encourage states to protect their consumer public.

79. Acts or practices that violate the FDCPA, when committed by persons or entities conducting the trade or commerce of collecting consumer debts in the State of Washington, are therefore per se unfair or deceptive acts or practices injurious to the public interest under RCW 19.86.093(2) and (3), as prohibited by RCW 19.86.020.

80. As set forth above, defendants Renton Collections, Retacco Law, and the Retaccos committed unfair acts or practices in violation of the FDCPA while conducting the trade or commerce of collecting consumer debts within the State of Washington, including

COMPLAINT
CASE NO.: 2:12-CV-00972
-11-
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1 attempting to collect on a debt not owed and failing to respond in any way to a written validation request.

81. Consequently, these were also unfair acts violating RCW 19.86.020.

82. These acts were a direct or proximate cause of injuries to Mr. Karim's property interests, including avoidable expenses for transportation, credit reports, cell phone usage, printing, postage, and photocopies.

83. As a result of the above WCPA violations, defendants Renton Collections, Retacco Law, and the Retaccos are liable to Mr. Karim for declaratory and injunctive relief, compensatory damages, costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment against defendants as follows:

A. Declaratory judgment that the conduct of Renton Collections, Retacco Law, and the Retaccos violated the FDCPA and the Washington Acts;

B. Permanent injunction barring Renton Collections from attempting to collect on the BECU debt from Mr. Karim;

C. Injunctive relief prohibiting Retacco Law from conducting any debt collection activities within the State of Washington save it first obtains licensure under the WCAA and thereafter complies with the WCAA's substantive requirements and prohibitions; counsel certifies that a copy of this complaint has been served upon the Attorney General of the State of Washington as required by RCW 19.86.095;

D. Compensatory damages (treble damages pursuant to RCW 19.86.090);

E. Statutory damages pursuant to 15 U.S.C. § 1692k;

F. Costs and attorney's fees pursuant to 15 U.S.C. § 1692k and the Washington Acts;

G. And for such other and further relief as may be just and proper.

COMPLAINT
CASE NO.: 2:12-CV-00972
-12-
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

**DEMAND FOR JURY TRIAL**

Plaintiff ABDUL KARIM hereby demands a trial by jury on all issues for which a trial by jury may be had.

Dated: June 6, 2012                    Respectfully submitted,

<div style="text-align:right">
s/Inessa Baram-Blackwell
Inessa Baram-Blackwell, WSBA #39904
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Facsimile: (206) 883-2699
Email: ibaramblackwell@wsgr.com

Attorney for Plaintiff
ABDUL KARIM
</div>

COMPLAINT
CASE NO.: 2:12-CV-00972                    -13-                    WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699